UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA DOMINGUEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>NORMA ISIP and ART ISIP,<br><br>                Defendants. | CASE NO. C08-1581-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Default Order as to Both Defendants and an Order to Strike from the Records the Answers to Complaint and First Amended Complaint (Dkt. No. 10), Defendants Response in opposition (Dkt. No. 13), and Plaintiff's Reply (Dkt. No. 15). The Court has carefully considered these papers and their supporting affidavits and exhibits and has determined that oral argument is not necessary. The Court hereby DENIES the motion and rules as follows.

**I.     BACKGROUND**

Plaintiff Linda Dominguez, proceeding pro se,[1] brings this diversity action against her sister,

---

[1] Plaintiff is "licensed in the Hawaii State Bar" and is "registered as voluntary inactive attorney in 2008" because of a relocation to California. (Reply 5–6 (Dkt. No. 15).)

ORDER – 1

Norma Isip, and her brother-in-law, Art Isip, to recover on a breach of contract theory for an alleged failure to return Plaintiff's "valuable jewelries," the value of which is alleged to exceed $75,000. (First Am. Compl. (Dkt. No. 2).) Plaintiff also proceeds on other related state law claims. Plaintiff filed a Complaint in this Court on October 21, 2008, and served a summons and copy of the Complaint on Defendant Norma Isip on November 11, 2008. (Decl. of Service (Dkt. No. 8).) On November 3, 2008, Plaintiff filed a First Amended Complaint. (Dkt. No. 3.) Plaintiff then served a summons and copy of the First Amended Complaint on both Defendants via their attorney, Liam A. McCann, on November 20, 2008. (Dkt. No. 9.) Shortly thereafter, on November 24, 2008, Mr. McCann filed a Notice of Appearance in the case. (Dkt. No. 3).

Apparently, on December 15, 2008, Mr. McCann wrote to Plaintiff, asking her to dismiss the lawsuit because Defendants sent the packages allegedly containing Plaintiff's jewelry to a third sister who lives near Plaintiff for Plaintiff's retrieval. (Resp. 1 (Dkt. No. 13).) However, Plaintiff declined to dismiss the lawsuit. (*Id*.) On January 7, 2009, Defendants filed Answers to Plaintiff's Complaint and First Amended Complaint. (Dkt. Nos. 6, 7.)

Plaintiff filed the instant motion for default on January 15, 2009, on grounds that because Defendants' Answers were filed 48 days after Defendants were served with the summons and First Amended Complaint, Defendants "failed to plead or affirmatively defend" within the 20-day period allowed by the Federal Rules. (Mot. 1–2 (Dkt. No. 10).) Defendants oppose the motion on grounds that Plaintiff failed to meet the standard for a default order because they have filed Answers.

## II. APPLICABLE STANDARD

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or affirmatively defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); *see also* Local Rules W.D. Wash. CR 55(a). However:

in the case of a defaulting party who has entered an appearance, the moving party must

ORDER – 2

> give the defaulting party written notice of the requesting party's intention to move for the entry of default at least five judicial days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default.

Local Rules W.D. Wash. CR 55(a). In addition, in the Ninth Circuit, "the general rule [is] that default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). "Cases should be decided upon their merits whenever reasonably possible." *Id.* (explaining that the "strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits."). As such, the Ninth Circuit has held that it is not an abuse of discretion for a district court to deny a motion for default where a party filed an answer late, where the plaintiff has not shown prejudice from the delay. *See, e.g., Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986).

## III. ANALYSIS

Given the fact that Defendants have filed an Answer to the First Amended Complaint, the Court is reluctant to grant Plaintiff's motion. The Court recognizes that Defendants filed their Answer nearly a month late. Nevertheless, it does not appear that Plaintiff has been prejudiced by the delay; she did not move for entry of default until after the Answer had already been filed. In addition, although Plaintiff filed an affidavit explaining that she urged Defendants to answer the Complaint during November and December 2008, it does not appear that Plaintiff actually provided written notice of her intention to move for the entry of default before she filed the motion. Therefore, Plaintiff did not comply with the Local Rules in seeking an entry of default.

Based on these facts, and because the Ninth Circuit disfavors default judgments, the Court hereby DENIES Plaintiff's motion. However, the Court reminds Defendants of their obligation to comply with the Federal and Local Rules in a timely manner and advises that in future, the Court will not be inclined to excuse untimely filings.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Default Order as to Both Defendants and an Order to Strike from the Records the Answers to Complaint and First Amended

ORDER – 3

Complaint (Dkt. No. 10).

SO ORDERED this 2nd day of February, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4