UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA DOMINGUEZ,

        Plaintiff,

v.

NORMA ISIP and ART ISIP,

        Defendants.

CASE NO. C08-1581-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion to Allow First Supplemental Pleading (Dkt. No. 19), Defendants Response in opposition (Dkt. No. 22), and Plaintiff's Reply (Dkt. No. 23). The Court has carefully considered these papers and their supporting declarations and exhibits and has determined that oral argument is not necessary. The Court hereby GRANTS the motion and rules as follows.

**I.    BACKGROUND**

Plaintiff Linda Dominguez, proceeding pro se,[1] brings this diversity action against her sister, Norma Isip, and her brother-in-law, Art Isip, to recover on a breach of contract theory for an alleged

---

[1] Plaintiff is "licensed in the Hawaii State Bar" and is "registered as voluntary inactive attorney in 2008" because of a relocation to California. (Dkt. No. 15.)

ORDER – 1

1 failure to return Plaintiff's "valuable jewelries," the value of which is alleged to exceed $75,000. (First
2 Am. Compl. (Dkt. No. 2).) Plaintiff also proceeds on other related state law claims, including fraud,
3 conversion, intentional infliction of emotional distress ("IIED"), and unjust enrichment. (*Id.*)

In the instant motion, Plaintiff seeks leave to file a supplemental pleading to include certain events that occurred after her First Amended Complaint was filed, so as to further support her claim for IIED. (Mot. 3 (Dkt. No. 19); Proposed 1st Supplemental Pleading (Dkt. No. 19-4 at 2–8).) In particular, Plaintiff would like to add the circumstances surrounding a phone call made to her by Defendant Art Isip on February 4, 2009, in which Isip asked to speak with Francis O'Brien, a person Plaintiff had previously told him was her "mortal enemy." (1st Supplemental Pleading 3 (Dkt. No. 19 at 4).) She alleges that this phone call was emotionally distressing. (*Id.*) In addition, Plaintiff seeks to add information regarding an occurrence in which Defendants attempted to return Plaintiff's belongings by mailing them to a "hostile" relative who lived near Plaintiff. (*Id.* at 4.)

Defendants oppose the motion on grounds that Plaintiff's proposed supplements are legally insufficient to support IIED. (Resp. 5 (Dkt. No. 22).) Defendants also provide a significant amount of background facts to explain the context of the proposed supplements and the entire case. (*See* Isip Decl. & Exhs. (Dkt. No. 22-2 at 1–22); McCann Decl. & Exh. (Dkt. No. 22-3 at 1–19).) Plaintiff hotly contests much of it. (Reply (Dkt. No. 23).)

## II. APPLICABLE STANDARD

The Federal Rules of Civil Procedure provide:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

FED. R. CIV. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial

ORDER – 2

pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981). The Court has broad discretion in deciding whether to grant or deny leave to supplement under Rule 15(d). *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). However, its use is "favored" as a "tool of judicial economy and convenience." *Id.*; *see also LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("Motions to amend pursuant to Rule 15(d) should be granted unless undue prejudice to the opposing party will result.") (quotation and citation omitted). "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474.

**III. ANALYSIS**

The Court finds that much of the background information disputed between the parties is largely irrelevant to the instant motion. Given the fact that Plaintiff has already included an IIED claim in her First Amended Complaint, the Court is not persuaded that the proposed supplemental allegations would unduly prejudice Defendants' ability to defend themselves. Discovery is still ongoing. The proposed allegations plainly relate to the subject of the original complaint. While it may be that Plaintiff's IIED claims will not survive a dispositive motion, the Court will leave that question for another day. The Ninth Circuit's liberal approach to Rule 15(d) leads this Court to GRANT Plaintiff's motion to supplement her pleading. The Court notes that Plaintiff filed her motion within the time set by the Court to amend pleadings. (*See* Minutes of Status Conference Feb. 3, 2009 (Dkt. No. 17).)

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Allow First Supplemental Pleading (Dkt. No. 19).

SO ORDERED this 1st day of May, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 3