THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA DOMINGUEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>NORMA ISIP and ART ISIP,<br><br>   Defendants. | Case No. C08-1581-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. No. 35), Plaintiff's Opposition (Dkt. No. 36), and Defendants' Reply. (Dkt. No. 37.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I. BACKGROUND**

This case concerns a dispute over custody of pieces of jewelry belonging to Plaintiff Linda Dominguez. In late 2006, Ms. Dominguez sent a package containing the jewelry to Defendants—her sister, Norma Isip, and her sister's husband, Art Isip—for safekeeping. (Mot. 2 (Dkt. No. 35).) In May 2008, Ms. Dominguez sent the Isips a letter, asking them to return the jewelry, via courier, to a post office box in California. (*Id.*) The Isips responded that FedEx and UPS would not deliver to a post office box, and requested a physical address where they could

ORDER
PAGE - 1

1  send the jewelry. (*Id.*) After a number of unsuccessful attempts to return the jewelry, the Isips
2  offered it to Ms. Dominguez at her deposition on May 1, 2009. (*Id.* at 3.) Ms. Dominguez
3  confirmed that all the jewelry was present and that it had not been damaged. (*Id.*)

4  Ms. Dominguez has declined to dismiss this case, and brings claims for (1) breach of
5  contract; (2) fraud, (3) conversion, embezzlement and/or theft, and (4) intentional infliction of
6  emotional distress. (First Am. Compl. (Dkt. No. 2).)

7  **II.   APPLICABLE LAW**

8  Summary judgment is appropriate if, after viewing the evidence in the light most
9  favorable to the nonmoving party, the Court determines there are no genuine issues of material
10 fact. FED. R. CIV. P. 56(c)(2). There is no genuine issue of fact for a trial where the record,
11 taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.
12 *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court
13 must inquire into "whether the evidence presents a sufficient disagreement to require
14 submission to a jury or whether it is so one-sided that one party must prevail as a matter of
15 law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The moving party bears
16 the initial burden of showing that there is no evidence which supports an element essential to
17 the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant
18 has met this burden, the nonmoving party then must show that there is in fact a genuine issue
19 for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a
20 genuine issue of material fact, "the moving party is entitled to judgment as a matter of law."
21 *Celotex*, 477 U.S. at 323–24.

22 **III.  DISCUSSION**

23 The Isips argue that because they returned Ms. Dominguez's jewelry, damages for
24 conversion or "breach of a bailment contract" are not appropriate. It is well established that
25 when a conversion has occurred, the owner of the property is entitled to damages measured by
26 its fair market value at the time of conversion. *City Loan Co. v. State Credit Assoc.*, 490 P.2d

ORDER
PAGE - 2

118, 120 (Wash. Ct. App. 1971). If the converted property had been returned and accepted, the owner would be entitled only to whatever damages accrued during the period of conversion. *Id.* However, where there has been a conversion, the owner is under no obligation to receive back the property. *Id.* Here, Ms. Dominguez has accepted the return of her property and has failed to submit any evidence of damage. Ms. Dominguez has failed to establish the existence of a genuine issue of material fact to support her claim that she suffered any damage. Accordingly, her claims for conversion, breach of contract, and fraud are DISMISSED.

Ms. Dominguez's remaining claim is for intentional infliction of emotional distress. In order to prevail on such a claim, Mr. Dominguez must show that the actions of the Isips were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lewis v. Bell*, 724 P.2d 425, 427 (Wash. Ct. App. 1986). The Isips argue that even in the light most favorable to the Plaintiff, a brief failure to return Ms. Dominguez's jewelry does not come close to "outrageous" behavior. The Court agrees. Ms. Dominguez has failed to offer any fact or law to suggest otherwise. Ms. Dominguez's claims for intentional infliction of emotional distress are DISMISSED.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 35) is GRANTED. The Clerk is DIRECTED to close the case.

DATED this 25th day of March, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE